**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                                                              CR 14-4116 JGC
                                                                                                 CV 20-422 JCG-KK

RAMIRO SAENZ,

    Defendant-Petitioner.

## ORDER DISMISSING SECOND § 2255 MOTION

Before the Court is Petitioner Ramiro Saenz's Second Motion to Vacate Federal Sentence under 28 U.S.C. § 2255 (Motion) (*CR Doc. 69; CV Doc. 1*).[1] Petitioner challenges his federal conviction for possessing a firearm as a felon (18 U.S.C. §§ 922(g)(1) and 924(a)(2)). He argues, as he did in his first § 2255 habeas proceeding, that his guilty plea was involuntary. Because the Court lacks jurisdiction to consider second or successive § 2255 motions without prior authorization from the Circuit Court, the Motion will be dismissed without prejudice.

### BACKGROUND

Petitioner pled guilty to the firearm charge pursuant to a Plea Agreement in 2015. (*Doc. 36*). The Court sentenced him to 72 months imprisonment. (*Doc. 41*). Petitioner appealed, and the Tenth Circuit Court of Appeals dismissed the

---

[1] Unless otherwise noted, all docket references are to the criminal case, CR 14-4116 JGC.

proceeding. The Tenth Circuit found that Petitioner knowingly and voluntarily waived his right to appeal under the Plea Agreement. (*Doc. 53*). In 2017, Petitioner filed his first § 2255 motion. (*Doc. 54*). He alleged, inter alia, that counsel rendered ineffective assistance and the plea was involuntary. United States Magistrate Judge Karen Molzen conducted a full review of the record and recommended that the Court dismiss the first motion on the merits. (*Doc. 60*). By an Order entered December 4, 2017, the Court adopted the proposed ruling; dismissed the first § 2255 motion; and denied a certificate of appealability. (*Doc. 67*).

Petitioner filed the second § 2255 Motion on May 1, 2020. (*Doc. 69*). He primarily argues the plea is involuntary, and he was not informed of the essential elements of the crime or the nature of the offense. He also alleges: (1) his incarceration violates the constitutional prohibition on slavery and the universal declaration of human rights; and (2) the Court lacked jurisdiction over his criminal proceeding. Because the Motion "reasserts a federal basis for relief from the [P]etitioner's underlying conviction," it is properly analyzed as a second § 2255 motion. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).

## DISCUSSION

By statute, Federal District Courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th

Cir. 2008). After that, the defendant must obtain authorization from the Circuit Court before filing a second or successive § 2255 motion in the District Court. *Id.* The failure to obtain Circuit authorization is a jurisdictional defect barring relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the Circuit Court] has granted the required authorization.").

Where, as here, the defendant files a second § 2255 motion without authorization, the District Court has two options. The District Court may transfer the matter to the Circuit Court "if it determines it is in the interest of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second or successive motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

Petitioner does not point to any new evidence or rule of constitutional law. Instead, he reasserts his involuntary-plea argument, which the Court considered and rejected in 2017, and adds new arguments about human rights violations and jurisdiction. There is no legal basis to revisit the plea, and the remaining

3

arguments are frivolous. Further, even if the Motion asserted colorable arguments, any § 2255 claims are clearly time-barred at this stage in the proceeding. Section 2255 claims must generally be filed within one year after entry of the criminal judgment. *See United States v. Hopkins*, 920 F.3d 690, 696 (10th Cir. 2019) (quoting 28 U.S.C. § 2255(f)). Petitioner's Judgment became final in 2017, when the Tenth Circuit dismissed the direct appeal and he failed to seek certiorari review with the United States Supreme Court. *See United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) ("In the context of … § 2255 …, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires."). Petitioner filed the instant Motion nearly three years later, on May 1, 2020. (*Doc. 69*).

For these reasons, the Court finds a transfer is not in the interest of justice. The Court will instead dismiss the Motion for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as this Order is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

**IT IS ORDERED** that Ramiro Saenz's Second Motion to Vacate Federal

Sentence under 28 U.S.C. § 2255 (*CR Doc. 69; CV Doc. 1*) is **DISMISSED** without prejudice; a certificate of appealability is denied; and a separate judgment will be entered closing the civil habeas case (CV 20-422 JCG-KK).

/s/ James G. Carr
_____
SR. UNITED STATES DISTRICT JUDGE